SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3488 PA | Date | June 4, 2009 |
|---|---|---|---|
| Title | In re Sanitec Indus., Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is a Motion for Withdrawal of Reference of Adversary Proceeding ("Motion") (Docket No. 1) filed by defendant, counter-claimant, and third-party plaintiff Micro-Waste Corporation ("Micro-Waste").  Defendant and counter-claimant Seiko International, Inc. ("Seiko") joins in the Motion.  Plaintiff and counter-defendant Sanitec Industries, Inc. ("Sanitec") agrees that the proceeding should be withdrawn, but asks that withdrawal not occur until this action is ready for trial.

      To the extent that the Court is willing to consider granting the Motion, the Court questions whether the Central District of California (the "Central District") or the Southern District of Texas (the "Southern District") is a more appropriate venue for this action.  Sanitec sued Micro-Waste in the Southern District in 2004 regarding the same general subject matter of this litigation—namely, the parties' license agreement (the "Agreement") entered into in 2003.  A trial was conducted on that case in 2006 and a judgment was entered in 2007, which was subsequently appealed and apparently affirmed on appeal.  The Court in the Southern District is intimately familiar with the Agreement.  Additionally, it appears that at least some of the factual allegations in this adversary proceeding pre-date the trial in the previous action.  Thus, considerations of judicial efficiency appear to strongly favor a transfer.

      Accordingly, the parties are ordered to show cause why this action should not be transferred to the Southern District for the convenience of the parties and witnesses, and in the interests of justice.  See 28 U.S.C. §§ 1404(a), 1412.  The parties' responses to this Order shall not exceed fifteen pages and shall be filed and served no later than June 22, 2009.  All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses, and which forum favors the interests of justice:

      1.      Whether this action could have been brought in the Southern District;

      2.      Whether venue is appropriate in the Southern District;

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3488 PA | Date | June 4, 2009 |
|---|---|---|---|
| Title | In re Sanitec Indus., Inc. | | |

     3.     What contacts, if any, each party has to the Central District and to the Southern District. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

     4.     What connection the parties' causes of action have to the Central District and to the Southern District;

     7.     Which witnesses are expected to be called and where they reside;

     8.     The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Southern District;

     9.     The ease of access to sources of proof in each of the two forums;

     10.     The expected difference in the cost of litigation in the Central District as compared to the Southern District;

     11.     Whether there are any alternative forums, other than the Central District or the Southern District, that would be more convenient for this action and why, keeping in mind the inquiries above;

     12.     Whether allowing this action to proceed in the Central District creates a risk of inconsistent rulings with the Southern District, or any other courts in or outside the United States.

     The hearing calendared for June 8, 2009 is vacated. The Court will inform the parties if it deems oral argument necessary on either the Order to Show Cause or the Motion.

     IT IS SO ORDERED.